**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Pauline S. LIN; Fu–Tsun Lin; Susan Lo; Ming Gardens Chinese Restaurant, Inc.; August Moon Chinese Restaurant, Inc.; and Lin & Lo, Inc., dba Ming Gardens Chinese Restaurant, Inc., Defendants–Appellees.**

**Nos. 01–5486, 01–5507.**

United States Court of Appeals, Sixth Circuit.

Feb. 25, 2003.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.[*]

## OPINION

PER CURIAM.

The United States appeals from the judgment of the district court that dismissed the indictment based on a denial of defendants' Sixth Amendment right to confrontation. While we share many of the concerns expressed by the district court in its opinion and order, *United States v. Lin,* 143 F.Supp.2d 783 (E.D.Ky.2001), we hold that dismissal of the indictment in its entirety was premature. Accordingly, we reverse the judgment of the district court and remand this cause with instructions to conduct a hearing in order to determine—to the extent now possible—how the testimony of the deported witnesses "would have been relevant and material to the defense." *Washington v. Texas,* 388 U.S. 14, 23, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), with respect to each of the many

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

counts contained in the superseding indictment.

For the purposes of this opinion we accept the district court's characterization of the factual background that resulted in the dismissal of the indictment. *Lin,* 143 F.Supp.2d at 784–85. Furthermore, we do not take issue with the district court's reading of the case law relating to the right to compulsory process as set forth in *United States v. Valenzuela–Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982), which requires that a defendant must do more than assert that he has been deprived of a witness's testimony; he must "at least make some plausible showing of how their testimony would have been both material and favorable to his defense." *Id.* at 867, 102 S.Ct. 3440. When a witness is unavailable due to actions taken by the government, however, defendant need not render a detailed description of the lost testimony but rather must come forward with "some plausible explanation" of how the testimony might have assisted in his defense. *Id.* at 871, 102 S.Ct. 3440.

As the foregoing observations make clear, we are in fundamental agreement with the district court about the approach to the question before us. Where we part company is procedural rather than substantive. Dismissal of an indictment with prejudice is a harsh sanction that should be imposed only when the circumstances leave the district court with no other recourse. Given the variety of charges in the superseding indictment, which alleged violations of a number of federal criminal statutes, we believe that the blanket dismissal of the indictment was premature.

Three considerations prompt us to reach this conclusion. First, the district court did not have the benefit of the deposition

transcripts when it determined that the deported individuals might have provided evidence that was more than cumulative and was instead potentially materially favorable to the defense. While the transcripts themselves might in the end support the district court's ultimate decision, we believe that the court should at least have the benefit of reviewing them before dismissing the indictment in its entirety.

Second, the district court conducted a telephonic conference with counsel on the day that it dismissed the indictment. Unfortunately, this conference was not on the record and we are therefore unable to assess the arguments advanced in that session or the manner in which they may have informed the district court's opinion. While counsel for the government alleges that his counterpart made certain concessions during the conference, which, if true, would be relevant to the question before us, the lack of a record makes it impossible for us to make that assessment. At the very least, counsel should be permitted an opportunity to explain on the record precisely how the potential testimony of the deported witnesses affects the defense.

Finally, we are concerned that the district court evaluated the unavailable testimony in a "one size fits all" fashion. For instance, Counts 39 and 42 of the superseding indictment charge defendant Susan Lo with violating 18 U.S.C. § 1546(a) and 18 U.S.C. § 2 by arranging for two Indonesian nationals to obtain false documents that would enable them to work in the United States. According to the deposition testimony of one of these individuals, Gandjar Arief Permana, Ms. Lo actually delivered a forged social security card and "green card" to him. The second individual, known as Cuhedi, testified that he paid Ms. Lo for this service and in return obtained documentation in the name of Eddy

Alexander. In its opinion, the district court focuses upon the deported witnesses whose preliminary statements indicate that defendants may have employed illegal aliens unwittingly after having been presented with forged documentation. The district court, quite rightly, notes that such testimony could be helpful to defendants. *Lin*, 143 F.Supp.2d at 789. While such testimony is undeniably helpful in a general way, the indictment charges defendants with very specific crimes. Unless defendants can demonstrate that the testimony of the deported witnesses would be relevant and material with respect to all charges lodged in the superseding indictment, then its dismissal *in toto* sweeps too far. In our view, it is hard to see how the testimony of deported witnesses, such as Alberto Gimal–Manuelas, who testified that he presented Susan Lo with false working papers, would be either relevant or material to the charges that she actively participated in arranging for the production of false documentation. At the very least, we believe that an individualized assessment of each of the charges lodged in the superseding indictment is necessary before its wholesale dismissal.

The judgment of the district court is vacated and the cause remanded for further proceedings consistent with this opinion.